UNITED STATES of America, Plaintiff—Appellee,

v.

Terry WEATHERS, Jr., Defendant—Appellant.

No. 07–10268.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 11, 2008.\*

Filed Sept. 17, 2008.

Andrew W. Duncan, Esq., USLV–Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

Mitchell L. Posin, Esq., Posin & Posin, Las Vegas, NV, for Defendant–Appellant.

Before: O'SCANNLAIN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM \*\*

Terry Weathers, Jr., appeals his conviction for one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Weathers contends the district court erred by failing to exclude testimony of two police officers regarding the domestic disturbance call and hit-and-run leading to his arrest, and the officers' use of pepper-spray to subdue Weathers. We have jurisdiction under 28 U.S.C. § 1291 and affirm the conviction.

Weathers's trial counsel did not object to the admission of the testimony at issue, so we review for "plain error." *See United States v. Whitehead,* 200 F.3d 634, 638 (9th Cir.2000).

Weathers contends the testimony violated Federal Rule of Evidence 404(b). However, the testimony does not fall within the purview of Rule 404(b). The testimony regarding the domestic dispute and the hit-and-run was offered to give context to Weathers's arrest, and not to demonstrate Weathers's character or the conformity of his actions to that character. The testimony did not include any specifics of the alleged domestic dispute, and the officers stated there was no cause to arrest Weathers on either the domestic dispute or the hit-and-run. Thus, the testimony was necessary to permit the prosecutor to "offer a coherent and comprehensible story regarding the commission of the crime," and thus was not inadmissible under Rule 404(b). *See United States v. Rrapi,* 175 F.3d 742, 749 (9th Cir.1999). Further, Weathers's opening statement mentioned the domestic disturbance as the predicate to a story— never dignified by anything such as evidence—that Weathers's wife had planted the gun out of pique. Invited error cancels out any "plain error." *See United States v. Baldwin,* 987 F.2d 1432, 1437 (9th Cir.1993).

Testimony regarding the use of pepperspray on Weathers is evidence of resisting arrest, which has long been held admissible by this court as demonstrating consciousness of guilt. *See United States v. Greiser,* 502 F.2d 1295, 1299 (9th Cir.1974).

Even if the district court erred by admitting the testimony, and Weathers did not invite the error, Weathers has failed to demonstrate a reasonable probability a different result would have occurred absent the testimony and, thus, has failed to demonstrate the error affected his substantial rights. *See United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). The gun the police found in Weathers's car, and multiple telephone conversations offered and admitted into evidence, established Weathers bought and possessed the gun. The gun

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**504**

and the calls were sufficient for a jury to convict Weathers for violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Any contention the testimony was plain error under Federal Rule of Evidence 403 also fails. The testimony was brief and provided background information regarding the police investigation leading to the discovery of the gun in Weathers's possession. The testimony's prejudicial effect, if any, did not substantially outweigh its probative value. *See United States v. Andaverde,* 64 F.3d 1305, 1314–15 (9th Cir.1995).

**AFFIRMED.**